IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT T. FORD, and WILLIAM J. TWAY,<br><br>　　　　　Defendants. | Case No. CR-06-080-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court held oral argument on defendants' motions to dismiss and for discovery on October 6, 2006. At the conclusion of oral argument, the Court took the motions under advisement. For the reasons explained below, the Court will deny both motions.

## ANALYSIS

**1.　Motion To Amend Indictment**

At oral argument, the defendants argued that the indictment was insufficient because it alleged, in paragraph 8 of Count One, that they prepared and filed false federal *income* tax returns when in fact their organizations were tax exempt and

**Memorandum Decision and Order - Page 1**

hence had filed no *income* tax return.  The Government conceded that the word *income* should be stricken from the two places where it appeared in paragraph 8 of Count One of the indictment, and verbally moved to amend the complaint accordingly.  The defendants objected, arguing that this was a material change that required a re-indictment.[1]

The essential purpose of an indictment is to give the defendant "notice of the charge so that he can defend or plead his case adequately."  *United States v. James*, 980 F.2d 1314, 1316 (9th Cir.1992).  "Generally, failure of an indictment to detail each element of the charged offense constitutes a fatal defect."  *Id*. at 1316.  However, a minor or technical deficiency in the indictment will not cause reversal of a conviction absent prejudice to the defendant.  *United States v. Neill,* 166 F.3d 943, 947 (9th Cir.1999).  Amendment of the indictment to fix typographical errors is appropriate as long as the error did not mislead the defendant.  *United States v. Lim*, 984 F.2d 331, 337 (9th Cir.1993) (allowing an amendment to correct an inaccurate statutory citation in the charge).

The word *income* in paragraph 8 of Count One is a typographical error that did not mislead the defendants.  The indictment clearly charges the defendants with

---

[1] After the hearing, the Government filed a written motion to amend, and defendants filed a response brief.

**Memorandum Decision and Order - Page 2**

filing false Form 990s that claimed inflated program services, and describes in detail the contested sums.  While the indictment incorrectly referred to the Form 990s as *income* tax returns in a single paragraph, there is no doubt about what documents are alleged to be false and why.

Defendants argue that the Government came lately to its position, and that even in its responsive briefing "differentiated" the charge in Count One from the other four charges that involved the Form 990s.  *See Defendant's Response and Objection to Government's Motion to Amend Indictment* at p. 2.  The Court disagrees.  The Government makes no statement in its briefing indicating that Count One is predicated on false statements in a document other than the Form 990s.

Striking the word *income* in paragraph 8 does not expose the defendants to anything new or require them to alter their trial preparation in any way.  In short, the Court cannot find that defendants are prejudiced by the deletion of this typographical error.  The motion to amend will therefore be granted.

 2.     **<u>Vindictive or Selective Prosecution</u>**

Defendants seek dismissal of the indictment – or at least the opportunity to conduct discovery – on their claim of vindictive prosecution.  Defendants claim that the Idaho Lottery Commission referred charges to the United States Attorney

**Memorandum Decision and Order - Page 3**

only after failing to achieve success in an administrative action against the defendants.

To prevail on a charge of selective prosecution, defendants have the burden of establishing "that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution . . . was based on an improper motive." *U.S. v. One 1985 Mercedes*, 917 F.2d 415, 420 (9th Cir. 1990). There is no evidence here that others similarly situated have not been prosecuted, and hence no evidence to support a charge of selective prosecution.

Assuming, *arguendo*, that a separate claim of vindictive prosecution could be made if the Government was acting as a stalking horse for a vengeful state agency, there is likewise an absence of evidence. The mere fact that a state agency referred potential violations of federal law to federal authorities is not sufficient to create an inference of improper motive. *See U.S. v. Culliton*, 328 F.3d 1074 (9th Cir. 2003).

The defendants argue that there is more here – that the Idaho Lottery Commission made the referral to get revenge on defendants after failing to nail them in state administrative proceedings. However, the Circuit cases cited above require some threshold showing of an improper motive, and the defendants have offered none here. If discovery were allowed in this case, it would be allowed in

**Memorandum Decision and Order - Page 4**

every referred case, ignoring the requirement that a threshold showing be made before discovery is allowed. For that reason, the Court rejects both the motion to dismiss and the motion for discovery on the ground of vindictive prosecution.

### 3.     Prosecutorial Misconduct

The defendants argue that the prosecutor proffered misleading testimony – and failed to offer other important evidence – to the Grand Jury that amounts to misconduct. For example, defendants claim that the prosecutor should have offered evidence that defendants received a large bequest from a contributor that could have explained how they were able to spend more than was reported. However, defendants do not identify any evidence that would support this claim. The alleged benefactor is dead, and there is apparently no written record of the contribution. The Government's failure to address this issue is not misconduct.

Defendants also claim that the prosecutor proffered testimony from a Idaho Lottery Commission official that 20% of the proceeds defendants collected must go to a charitable purpose while neglecting to tell the Grand Jury that one "charitable purpose" could include the expenses of defendants' organization. There is no charge, however, in the indictment based on this testimony. At most, this is tangential evidence regarding motive. It does not establish the "excessive, flagrant, scandalous, intolerable, or offensive" conduct required for prosecutorial

**Memorandum Decision and Order - Page 5**

misconduct. *See U.S. v. Edmonds*, 103 F.3d 822, 825 (9th Cir. 1996). The Court has examined defendants' other charges and finds nothing in them to support such a charge.

**4.     Probable Cause**

An indictment valid on its face cannot be challenged on the grounds that the evidence presented to the Grand Jury was inadequate or unreliable. *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988). The Grand Jury return is valid on its face. The remainder of defendants' allegations contain challenges to the adequacy or reliability of the evidence presented to the Grand Jury and hence must be rejected.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 20) and motion for discovery (docket no. 23) are DENIED.

IT IS FURTHER ORDERED, that the motion to amend (Docket No. 36) is GRANTED.



DATED:  **October 10, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - Page 7**